IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHLEEN GOODMAN, :

      Plaintiff, : Case No. 3:11-cv-427

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

      Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; AREA OF CONCERN SET FORTH; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 21, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #13), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence and if the administrative law judge employed the correct legal criteria." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.

2

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However,

3

the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.   Were this Court to have heard this case initially, on a de novo basis, the result reached herein might well have been different. However, the duty of the Magistrate Judge (and the District Court in determining the disposition of the Magistrate Judge's Report and Recommendations) is not to determine whether the Record contains substantial evidence of disability. Rather, the task of the judicial officer is to determine if the Administrative Law Judge's determination of non-disability is supported by substantial evidence. In this matter, the Defendant Commissioner's decision, through his Administrative Law Judge, is so supported.

4

2. In this matter, the Administrative Law Judge gave neither controlling nor deferential weight to Plaintiff's treating physician, Anne Reitz, M.D. Rather, she gave such to reviewing, non-examining and non-treating physicians, Myung Cho, M.D. and Maria Congbalay, M.D. Moreover, the reports of Drs. Cho and Congbalay were dated in April and October of 2008, respectively, a period some 25 months and 19 months prior to the May 8, 2010, hearing before the Administrative Law Judge. In short, these physicians reviewed a record not yet complete in terms of that which was available before the Administrative Law Judge at the time of the hearing. In this matter, a review of the record as a whole convinces this Court that the Defendant Commissioner's decision to give the opinions of Dr. Reitz neither controlling nor deferential weight was supported by substantial evidence.

However, even if substantial evidence supports the conclusion of the Administrative Law Judge to give neither controlling nor deferential weight to the Claimant's treating physician, a resulting decision of non-disability "will not be upheld where the Defendant Commissioner fails to follow its own Regulations and where that error prejudices a claimant on the merits or deprives the Claimant of a substantial right." (Citations omitted.) There is no Regulation of the Social Security Administration specifically addressing the use of non-current information to which the Commissioner gives controlling weight. With that in mind, pursuant to 20 CFR Section 404.1527, the Commissioner is entitled to consider such reports of reviewing non-examining non-non-treating physicians, taking into account their failure to review the record as a whole,

and even to give them controlling or deferential weight, as long as those opinions are consistent with the record as a whole.

3. While there are a plethora of cases, concluding that the fact that reviewing non-examining and non-treating medical experts did not have a complete medical record before them at the time of their reviews might, in some instances, cause the Court to find that their opinions do not constitute substantial evidence supporting the ALJ's decision, the Court looks at the evidence which the state agency physicians did not see (in this matter, evidence postdating the two reports in 2008, and prior to the hearing) and makes a judgment as to whether that subsequent information is sufficiently significant that it might alter the ALJ's conclusions. See Sanford v Commissioner of Social Security, 2009 WL 866845 (D.R.I. Mar. 30, 2009). Both the Administrative Law Judge and the Magistrate Judge did, in fact, consider not only whether the post-2008 reports of Drs. Cho and Congbalay would have altered the conclusions of non-disability, concluding that such evidence would not, but also have reviewed those opinions in the context of the record as a whole. This Court believes that such reports of Drs. Cho and Congbalay, considered in the context of the record in its entirety as presented to the Administrative Law Judge, support the Commissioner's decision of non-disability.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and,

6

therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 27, 2013

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record